ALBANY,<br>June, 1838.

The People<br>v.<br>Superior Court<br>of New York.

Alternative mandamus granted.

---

THE PEOPLE, *ex relatione* Mills and others, *vs.* THE SUPERIOR COURT OF THE CITY OF NEW YORK.

An action may be commenced in the superior court of the city of New York, the same as in this court or in the courts of common pleas of the several counties of the state, by the filing and service of a declaration, except that it cannot be commenced by the service of the declaration on a person residing out of the city ; if, however, the cause of action exist against two or more joint debtors, one of whom resides out of the city, the creditor may serve a declaration on the debtor residing in the city, and proceed to judgment in the same manner as if both detors had been brought into court.

MOTION for *mandamus.* Duffield and others commenced an action in the superior court of the city of New-York against the relators, Mills, Dias and Brindley as *joint makers* of two promissory notes. The action was commenced by declaration, a copy of which was served on the defendants Mills and Dias, but not on Brindley, who was not a resident of the county of New-York, but resided in the city of Philadelphia. The defendants moved the superior court to set aside the proceedings, on the ground that the court

June, 1838.

ALBANY,    had no jurisdiction to proceed in this manner, inasmuch as
June, 1838.    all the defendants did not reside within the jurisdiction of
The People   the court.  The motion was denied, and the relators now
     v.        ask a *mandamus*.
Superior Court
of New York.

*A. Taber*, for the motion.

*L. Livingston*, contra.

*By the Court*, BRONSON, J.   The statute which first au-
thorized the commencement of an action by filing and serv-
ing a declaration only extended to this court and the several
courts of common pleas.  2 R. S. 347, § 1, 2.   In 1830,
this provision was made applicable to the superior court of
the city of New-York with the qualification that it "shall
not be so construed as to authorize the commencement of a
suit by the service of a declaration on any person residing *out
of the city and county* of New York."  Statutes, sess. of
1830, p. 18, § 1.  The provision in relation to joint debtors,
where *all* have not been served with *process*, 2 R. S. 247,
§ 122, was afterwards extended to suits commenced by
*declaration*.   Statutes, sess. of 1833, p. 395, § 3.   The words
of the act are, that "the defendant so served shall answer
*to the plaintiff, and the judgment in such action, if rendered
in favor of the plaintiff*, shall be against all the defendants
in the same manner as if all had been served with the dec-
laration."   It is said that this only extends to a case where
the plaintiff had he thought proper to pursue that course,
might have served the declaration on all the defendants, and
as the act of 1830 would not warrant the service of a dec-
laration on the non-resident Brinley, the superior court had
no jurisdiction.   This is giving the act of 1833 a narrow,
and I think, forced construction.   It certainly is not, in
terms, confined to cases where the declaration might have
been served on all the defendants, and I see no reason for
giving it such an interpretation.   Nothing more was intend-
ed than to place actions commenced by declaration against
joint debtors, on the same footing with actions commenced by
the service of process.   The several statutes when con-

strued together amount to this : an action may be commenced in the superior court by the filing and service of a declaration, but it shall not be so commenced by serving the declaration on a person residing out of the city ; if, however, the action is against several joint debtors, and service has been made upon *any* of the defendants, the plaintiff may proceed to judgment in the same manner as though *all* had been brought into court.

Motion denied.